IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

ASHAMIR JOHNSON, :
:
       Plaintiff, :
: NO. 5:10-CV-399 (MTT)
       VS. :
:
BRIAN ROBINSON, *et al.*, :
: Proceedings Under 42 U.S.C. §1983
       Defendants. : Before the U.S. Magistrate Judge
:

## RECOMMENDATION

Before the Court is a Motion to Dismiss filed by Defendants Brian Robinson and Gavin Rump alleging that Plaintiff Ashamir Johnson failed to exhaust his available administrative remedies prior to filing the instant action. Doc. 8. For the following reasons, it is **RECOMMENDED** that the Defendants' Motion to Dismiss be **GRANTED**.

## FACTUAL AND PROCEDURAL HISTORY

In his Complaint, Plaintiff brings claims under 42 U.S.C. § 1983 alleging that Defendants failed to protect him from an assault by his cellmate. On review of Defendants' Motion to Dismiss, all well-pleaded facts set forth in the Complaint are accepted as true. The pertinent factual allegations of the Complaint are set forth below.

Plaintiff alleges that on September 10, 2010, while in the process of taking him to the shower, both Defendants came to his cell, handcuffed him, but failed to handcuff his cellmate. Then, while Defendants were in the process of opening the Plaintiff's cell door, Plaintiff's cellmate attacked him by slashing him several times with a razor blade. Defendants then shut the cell door and, after notifying other officers, re-entered and removed Plaintiff from the cell.

The following day, Plaintiff filed an informal grievance concerning the incident. Doc. 8-4. Following an investigation, Plaintiff's informal grievance was denied. Id. Unsatisfied with this outcome, Plaintiff requested a formal grievance. Thereafter, no formal grievance was ever filed by Plaintiff with regard to this incident.

On February 22, 2011, Plaintiff filed the instant action. Doc. 1. After waiving service (Doc. 6 and Doc.7), and relying upon the fact that no formal grievance concerning this incident was ever filed, Defendants moved for dismissal on the ground that Plaintiff failed to exhaust his available administrative remedies prior to filing the instant action.

## DISCUSSION

The Prison Litigation Reform Act (PLRA) mandates that before an incarcerated plaintiff can bring any action under 42 U.S.C. §1983, he must exhaust all of the administrative remedies available to him. 42 U.S.C. §1997e(a). Moreover, the Eleventh Circuit has made it clear that exhaustion of available administrative remedies is a precursor to a prisoner's filing a civil rights action, even when the administrative procedures set forth by the prison are futile or inadequate. Alexander v. Hawk, F.3d 1321, 1326 (11th Cir. 1998).

Where, as here, a motion seeking dismissal based on the affirmative defense of failure to exhaust is filed, review of the motion involves a two-step process. See Turner v. Burnside, 541 F.3d 1077 (11th Cir. 2008). The court first looks to the factual allegations in the motion seeking dismissal as well as those in the plaintiff's response. If they conflict, the court takes the plaintiff's version of the facts as true. Id. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." Id. If the complaint is not subject to dismissal when the plaintiff's version of the facts is accepted as true, the court must proceed to the second step, making specific findings of fact to resolve the disputed factual issues

related to exhaustion. Id. At this second stage of the analysis, it is the defendants' burden to prove that the plaintiff has failed to exhaust his available administrative remedies. Id.

This case must be resolved at the second stage of the Turner analysis. In support of their assertion that Plaintiff failed to properly exhaust his available administrative remedies, Defendants submitted a brief, the affidavit of Deputy Warden Clinton Perry, a copy of the Georgia Department of Corrections Statewide Grievance Procedures, and a copy of Plaintiff's informal grievance concerning the incident in question. In his affidavit, in addition to providing a basic overview of the grievance procedures, Deputy Warden Perry explained that, following the investigation of the incident giving rise to Plaintiff's informal grievance, he responded by concluding that the Defendants followed the proper procedures during the incident. He then noted that Plaintiff requested a formal grievance that was never submitted.

In response, Plaintiff maintained that he was unable to file a formal grievance because Deputy Warden Perry failed to provide him with the appropriate form. In view of this assertion, and in the absence of anything demonstrating that the Plaintiff was actually provided with the necessary form, a recommendation to deny the Defendants' motion was entered. (Doc.16).

Soon afterwards, Defendants filed an objection (Doc.18) to the recommendation as well as a reply (Doc.22) to Plaintiff's response. In these documents, Defendants explained that, due to a clerical oversight, evidence demonstrating that Plaintiff was, in fact, provided with a formal grievance form had not been submitted to the court. See Doc. 18 and Doc. 22. After review, and in order to resolve the disputed issue of whether or not Plaintiff had been provided with the necessary form, the recommendation was withdrawn (Doc. 24) and an evidentiary hearing scheduled.

During this evidentiary hearing, at which both Deputy Warden Perry and Plaintiff Johnson were present, Perry testified that he had given Plaintiff a formal grievance form after Plaintiff's

informal grievance was denied. Perry explained that he would meet with inmates personally to discuss the results of their informal grievances. He always had copies of the formal grievance form in his office and would provide them upon request. Perry testified that he recalled meeting with Plaintiff after Plaintiff's informal grievance was denied, and that he provided Plaintiff with the form as requested. In support of Perry's testimony, Defendants' counsel provided copies of a memorandum signed by Plaintiff acknowledging his receipt of the form and printouts of computer records listing all of Plaintiff's grievances filed in 2009 and 2010. Doc. 26 Ex. 1.

After Defendants concluded their evidence, Plaintiff testified and repeated his claim that Perry made him sign the form acknowledging receipt of a formal grievance form, but refused to provide him the form, stating that there were no forms available.

After hearing the testimony and reviewing the documents, the undersigned finds that the testimony of Warden Perry is credible and supported by appropriate documentation. The testimony and the documents show that Plaintiff was given the opportunity to pursue administrative remedies through the filing of a formal grievance, but that he failed to exhaust those remedies. Accordingly, **IT IS RECOMMENDED** that the Defendants' Motion to Dismiss be **GRANTED** and that this action be **DISMISSED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 14th day of July, 2011.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge